Robinson, J.
The plaintiff in error, Van Jackson, was indicted by the grand jury of Hamilton county for manslaughter for killing one John Schademan on October 7, 1917. The indictment was in the short form provided for by Section 13583, General Code, and, omitting the formal parts, charged that Van Jackson “on the 7th day of October in the year 1917, with force and arms at the County of Hamilton, State of Ohio, unlawfully did kill one John Schademan, then and there being, contrary to the form of the statute in such case made and provided and against the peace and dignity of the State of Ohio.”
The evidence disclosed that the decedent was killed by an automobile, that the automobile was driven at a rate of speed in excess of fifteen miles per hour, and that the place where he was struck by the automobile was in a municipality in Hamilton county “not closely built-up.” There was much evidence tending to show that plaintiff in error was the driver of the automobile.
The state claimed that the unlawful act that resulted in the killing of Schademan was a violation of Section 12603, General Code, which reads: “Whoever operates a motor vehicle or motorcycle on the public roads or highways at a speed greater than is reasonable or proper, having regard for the width, traffic, use and the general and usual rules *154 of such road or highway, or so as to endanger the property, life or limb of any person, shall be fined,” etc. The state also claimed it was a violation of Section 12604, General Code, which reads: “Whoever operates a motor cycle or motor vehicle at a greater speed than eight miles an hour in the business and closely built-up portions of a municipality or more than fifteen miles an hour in other portions thereof or more than twenty-five miles an hour outside of a municipality, shall be fined,” etc.
At the request of the state, and before argument, the court gave the following special charge to the jury: “I charge you that if you find from the evidence in this case beyond a reasonable doubt that the defendant, Van Jackson, while operating an automobile, struck and killed the decedent, John Schademan, and you further find beyond a reasonable doubt that at the time he struck the said John Schademan, the defendant was operating the automobile in a municipality in Hamilton county, Ohio, at a rate of speed greater than fifteen miles per hour, it is your duty to find the defendant guilty of manslaughter.”
It will be observed that the charge above quoted warranted the jury in finding the plaintiff in error, Van Jackson, guilty of manslaughter, if they should finds that he, while operating his automobile at a greater rate of speed than fifteen miles per hour, struck and killed the decedent, irrespective of whether the rate of speed was the proximate cause of the killing; and, since this proposition of law was in no way modified by the general charge, the square question is raised here as to whether an *155 accidental, unintentional killing of a person by another engaged in an unlawful act makes that person guilty of manslaughter under the statute, irrespective of any connection between the unlawful act and the unintentional killing, and it seems to this court that an analysis of the illogical and absurd results which would necessarily follow the recognition of such a rule will answer the query. For instance, if it be the law, as charged by the trial court in this case, that if the jury find the accused unintentionally struck and killed the decedent, while engaged in an unlawful act, to-wit, operating his car at a greater rate of speed than fifteen miles per hour, they must find him guilty of manslaughter without reference to causation, then it must follow that if the accused had been ¡violating any other valid statute, however unconnected with the death at the time of the unintentional killing, he would be guilty of manslaughter. Fo.r instance, it is a violation of a valid statute to operate a motor vehicle without having first registered same with the secretary of state, and it is a violation of a valid statute to operate a motor vehicle without a placard bearing the registration number displayed on both the front and rear of such automobile, securely fastened so as not to swing, yet, under the charge of the court, should the driver of an automobile, while driving his car — without first having registered it with the secretary of state, or, having registered, without having the registration placard displayed on the rear of his car or securely fastened so as to prevent swinging— at the rate of four or five miles per hour, *156 and while in the exercise of the utmost care and caution, be so unfortunate as to unintentionally run over and kill a person who inadvertently or purposely projected himself in front of the car, he would be guilty of manslaughter; for clearly it would be an unintentional killing by a person operating a car in the violation of a valid statute. And yet there would be no relationship between the violation of the statute and the death. The accident would have occurred just as surely had the motor vehicle been registered or the placard securely fastened and displayed on the rear of the car. The same observation might be made with reference to the absence of a red light on the rear of the car during the night season. Under the charge as given a driver of a motor vehicle operating a car at 15 1/100 miles per hour in the sparsely built-up portion of a city would be guilty of manslaughter were a man suddenly to drop from a balloon immediately in front of his car and be killed by the car, although the man would just as surely have been killed had the driver of the car been operating the same at the rate of 14 99/100 miles per hour. The proximate cause would have been the same in each case, although the result to the driver of the car would have been the appalling difference between criminal guilt and legal innocence.
We are unable to comprehend the consistency of a rule which would justify the conviction of the surviving party to a fatal accidental collision that would not, upon the same state of facts, entitle the representative of the decedent to recover a judg *157 ment in a civil action for wrongful death. Surely we have not reached a point in the administration of justice where a man’s liberty is less sacred than his property.
We adhere to the following pronouncement in the case of State v. Schaefer, 96 Ohio St., 215: “The unlawful act relied' upon as the predicate for manslaughter must be the proximate cause of death. If death resulted from any other cause, or there be a reasonable doubt as to the unlawful act being the proximate cause of death, the jury should acquit.” We hold that in a prosecution for manslaughter, on account of the unintentional killing of a human being by striking him with a motor vehicle, while the motor vehicle is being operated in violation of a valid statute, a charge of the court which eliminates from the consideration of the jury the question whether the violation of the statute was the proximate cause of the death of the decedent is prejudicial and reversible error.

Judgment reversed, and cause remanded.

Jones, Matthias, Johnson and Merrell, JJ., concur.